IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MEARL CLARK, FF-0271, )
    Petitioner, )
     )
    v. ) 2:11-cv-294
     )
COMM. OF PENNSYLVANIA, et al., )
    Respondents. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Mearl Clark for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Mearl Clark, an inmate at the State Correctional Institution at Mercer has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Clark is presently serving two consecutive five to fifteen year sentences imposed following his plea of guilty to charges of involuntary deviate sexual intercourse with a child less than 13 years of age, burglary, sexual abuse of a child, possession of obscene materials, weapons violations, and making false reports to a law enforcement agency. This sentence was imposed on December 23, 2002.[1] An appeal was taken to the Superior Court in which the questions presented were:

    I.    Whether the sentencing court erred, following hearing to determine the defendant's sexual violent predator status, in determining that the Defendant was a sexually violent predator as defined by 42, Pa.C.S. § 9792.

---

[1] See: Petition at ¶¶ 1-6 and Exhibit 1 to the answer of the Commonwealth..

1

II. Whether the sentencing court erred in denying the objection of the Defense regarding the constitutionality of 42 Pa.C.S. § 9795.4 with respect to the Commonwealth's burden of proof by clear and convincing evidence, rather than "beyond a reasonable doubt" in making the sexually violent predator determination.[2]

On March 19, 2004, the judgment of sentence was affirmed.[3]

A timely post-conviction petition and motion for reconsideration of sentence were filed and relief was denied. An appeal to the Superior Court was filed and on July 23, 2007, the Superior Court dismissed the appeal for failure of the petitioner to file his brief.[4]

Clark filed a second post-conviction petition on November 6, 2009.[5] On April 21, 2010, post-conviction relief was denied and an appeal was filed in the Superior Court at No. 669 WDA of 2010. The Superior Court affirmed the denial of post-conviction relief in that the second petition had not been timely filed within one year of the judgment of sentence becoming final, 42. Pa.C.S.A. 9545(b)(1).[6]

In the instant petition in which the petitioner's inmate accounting statement was completed on February 1, 2011 and received in this Court on March 7, 2011, Clark contends he is entitled to relief on the following grounds:

> Merging. Appellant was sentenced on December 23, 2002… to a consecutive sentence of (5) five to (15) fifteen years and (5) five to (15) years. Appellant states that on December 23, 2002, the sentence imposed upon him was believed to be improper… The doctrine of merger would apply where a defendant is convicted of more than one offense arising out of the same act…

That is, the petitioner seeks to challenge the sentence imposed on December 23, 2002.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] See: Brief and Reproduced Record of Appellant separately submitted by the Commonwealth.
[3] See: Exhibit 8 to the answer.
[4] See: Exhibit 15 to the answer.
[5] See: Exhibit 17 to the answer.
[6] See: Exhibit 20 to the answer.

2

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Superior Court affirmed the judgment of sentence on March 19, 2004, and leave to appeal to the Pennsylvania Supreme Court was not sought. For this reason, Clark's conviction became final on April 18, 2004.[7] A timely post-conviction petition was filed and subsequently denied. An appeal from the denial of relief was dismissed by the Superior Court on July 23, 2007 and no further relief was sought until he filed a second untimely post-conviction petition on November 9, 2009.

The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The instant petition was executed in early 2011 or over three years after the timely post-conviction petition was dismissed by the Superior Court. There then was a period in excess of two years before the petitioner sought further relief in the state courts. Thus, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

The ground which the petitioner seeks to raise here is clearly not a new matter in that it relates to the alleged illegal sentence imposed on December 23, 2002. Additionally, this issue was never raised in a timely challenge in the state courts. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas

---
[7] Pa.R.App.P. 1113.

3

review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has defaulted in seeking state court relief on this issue and no further consideration is warranted here.

For either or both of the reasons set forth above Clark is not entitled to relief here, and it is recommended that the petition of Mearl Clark for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Filed: May 11, 2011